OWEN, Circuit Judge,
concurring:
I concur in the court’s opinion with the exception of its reliance on Martinez-Vega’s admission that “everything in the [presentence] report [was] correct.”
The issue before us is whether Martinez-Vega had previously been convicted of assaulting a child under the age of seventeen. The state-court judgment of conviction at issue recites that Martinez-Vega “pled GUILTY to the LESSER charge contained in the Indictment.”[1] The lesser charge in the indictment stated that Martinez-Vega “did then and there, intentionally and knowingly cause his sexual organ to penetrate the mouth of [JCM], the victim, a child younger than 17 years of age and not the spouse of the defendant.”[2] We need look no further.
According to the offense report from the Hidalgo County Sheriff’s Office, on June 23, 1993, the female victim, age 4, woke up her mother, Rosa Velasquez, and told her that the defendant was in her room and was putting his penis in her mouth. It is noted that the defendant is the victim's father, but did not reside in the residence with the child and mother. The mother immediately got up and confronted the defendant about the child’s allegation, which he denied. She demanded that the defendant take her and the child to the hospital for a check-up. The defendant hesitated, but eventually agreed to take them to the hospital. At the hospital, the child admitted to such and that the same had also occurred 15 days prior. An officer questioned the defendant and observed that he was intoxicated. The defendant denied the allegation and stated that Ms. Velasquez was just being spiteful. The officer arrested the defendant for public intoxication after he noted that the defendant was having difficulty standing. Later at the police station, the defendant again denied the allegation, but stated that he would be willing to plead to a reduced charge because it would mean less time that he would have to serve. The officer asked the defendant why he would plead guilty if he denied the allegation. The defendant became upset and refused to answer further questions. The disposition of the public intoxication charge was undetermined.
On September 23, 1993, Ms. Velasquez submitted a case dismissal request citing that she did not want to traumatize her daughter further through continued questioning. Obviously, the charges were not dismissed, but the defendant was allowed to plead guilty to the lesser charge of sexual assault. The Indictment indicates that the defendant was originally charged with aggravated sexual assault, 1st degree felony.
Reliance on Martinez-Vega’s admission regarding the content of the presentence report (PSR) is problematic for a number of reasons, one of which is that the PSR simply summarizes what a Hidalgo County, Texas Sheriffs Office offense report said in connection with the prior conviction.[3] When Martinez-Vega agreed that the “everything in the report [was] correct,” he admitted only that the PSR accurately recounted what was in the sheriffs office report, not that he actually performed any or all of the conduct described in that report.
*565 Even if Martinez-Vega now admits that he sexually assaulted his daughter when she was four years old, which he has not done, that is not the same as admitting he was convicted of assaulting a four-year-old child. As we have seen, the record of conviction reflects that he was convicted of sexually assaulting a child younger than seventeen but he was not convicted of sexually assaulting a child younger than fourteen. Because of Martinez^-Vega’s guilty plea to the lesser included offense, the government was never required to prove the greater offense.
The district court may certainly consider any admission by MartinezAVega that he did in fact sexually assault his daughter when she was four years old in deciding whether an upward departure is warranted, but such an admission cannot be the basis for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

. Emphasis in original.

. The grand jury's indictment stated in full:
THE GRAND JURY, for the County of Hidalgo, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term A.D.1993 of the 275th Judicial District Court for said County, upon their oaths present in and to said court at said term that SERGIO VEGA MARTINEZ hereinafter styled Defendant, on or about the 23rd day of June A.D., 1993, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, intentionally and knowingly cause his sexual organ to penetrate the mouth of [JCM], the victim, a child younger than 17 years of age and not the spouse of the defendant, and the victim was then and there younger than 14 years of age.

. The PSR says, in pertinent part: